THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANCE BRUMFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF SEATTLE, a Municipal Corporation, and SEATTLE POLICE OFFICER JAMES DYMENT,<br><br>    Defendants. | Case No. C10-1247-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for a protective order (Dkt. No. 9), Plaintiff's response (Dkt. No. 14), Defendants' reply (Dkt. No. 15), and Plaintiff's surreply (Dkt. No. 18). This matter also comes before the Court on Plaintiff's motion to compel (Dkt. No. 12), Defendants' response (Dkt. No. 19), and Plaintiff's reply (Dkt. No. 21).

Plaintiff seeks discovery of documents and information regarding Officer Dyment's personnel file, documents related to any complaints against Dyment, internal-affairs logs from 2005 until the present involving all police officers, and Office of Professional Accountability ("OPA") documents involving Dyment with respect to Plaintiff's claim as well as any other claim filed against Dyment. Defendants have agreed to produce Dyment's personnel file and the investigatory file related to Plaintiff's complaint subject to a protective order from the

ORDER, C10-1247-JCC
PAGE - 1

1   Court. (Dkt. No. 9 at 3.) Defendants object to production of investigative or other documents
2   "pertaining to any un-related and un-sustained complaints against Dyment and any record of
3   complaints/investigations pertaining to officers/events un-related to this matter." (*Id.*)
4   Consistent with their request for a protective order and an order prohibiting particular
5   discovery, Defendants' counsel advised Dyment not to answer certain deposition questions.
6   Plaintiff moves to compel Dyment to answer questions that constitute the subject-matter of
7   Defendants' motion for a protective order. (Dkt. No. 12.) Having thoroughly considered the
8   parties' briefing and the relevant record, the Court grants in part and denies in part Defendants'
9   motion and grants Plaintiff's motions.

10  I.      FEDERAL LAW APPLIES

11          As an initial matter both parties' reference to state law is misplaced. "As a general rule,
12  state law is irrelevant to discovery procedure in federal civil cases, as discovery in such cases
13  is governed solely by the Federal Rules of Civil Procedure." John Kimpflen et al., 10 *Federal*
14  *Procedure*, § 26:4 (2011); *see also* 6 *Moore's Federal Practice*, § 26.04 (Matthew Bender 3d
15  ed.) ("State statutes and practices concerning discovery procedure are not followed and state
16  court rulings ordinarily do not inform federal interpretation of the Rules." (footnote omitted));
17  *Everitt v. Brezzel*, 750 F. Supp. 1063, 1065 (D. Colo. 1990) ("I do not agree with defendants
18  assertion, made without extensive discussion or analysis, that *Martinelli* supplies the rule
19  governing discovery of police files, including the proposed procedure involving *in camera*
20  review by the trial court. Discovery in the federal courts is governed by federal law as set forth
21  in the Federal Rules of Civil Procedure, whether federal jurisdiction is based on the existence
22  of a federal question or on diversity of citizenship.").

23          A possible exception to this rule applies to asserted privileges. *See* Fed. R. Evid. 501;
24  *Babass v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). Yet Defendants make clear
25  that they are not asserting a state-law privilege. (*See* Dkt. No. 19 at 8 ("Significantly,
26  defendants are not currently claiming an official information privilege, but, as noted above, are

1  pursuing a protective order to protect Sgt. Dyment's personal privacy.").) To the extent
2  Dyment's privacy rights invoke a privilege, the Court nonetheless applies federal common law
3  to that claim. *See* 6 *Moore's Federal Practice*, § 26.47(4) (Matthew Bender 3d ed.)
4  ("Accordingly, in federal question cases in which state law claims are also raised, any asserted
5  privileges relating to evidence relevant to both state and federal claims are governed by federal
6  common law." (references omitted)). Although this Court has discretion to apply a state-law
7  privilege if there is no substantial cost to federal substantive and procedural policies, the Court
8  declines to do so here, where neither party has briefed that issue despite numerous filings.

9  Litigants "may obtain discovery regarding any nonprivileged matter that is relevant to
10  any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information for purposes of
11  discovery is information reasonably calculated to lead to the discovery of admissible
12  evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)
13  (quotation marks omitted). "District courts have broad discretion in determining relevancy for
14  discovery purposes." *Id.* And the Court retains wide latitude to permit or deny discovery.
15  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Under the liberal discovery principles of
16  the Federal Rules, the party resisting discovery bears a heavy burden of showing why
17  discovery should be denied. *See Blankenship v. Hearst*, 519 F.2d 418, 429 (9th Cir. 1975).

18  II.  APPLICATION

19  With respect to Dyment's personnel file and investigatory report *related to the incident*
20  *involving Plaintiff*, Defendants intend to provide such discovery. But Defendants seek a
21  protective order regarding personal, private information prior to disclosure (Dkt. No. 9 at 4–5.)
22  Defendants have satisfied the Court that certain, but limited, personal information is irrelevant
23  and should be protected (e.g., Social Security numbers and addresses of family members).

24  As to unsustained complaints, internal investigations, and OPA case logs *related to*
25  *Dyment but unrelated to the incident involving Plaintiff*, the Court denies Defendants' motion
26  to prohibit discovery. Defendants cite to only one federal case, from the District of Maryland,

1  that concluded under its particular facts that unsustained complaints were irrelevant to the
2  plaintiff's Fourth Amendment cause of action. *See Bellamy-Bey v. Balt. Police Dep't*, 237
3  F.R.D. 391, 393 (D. Md. 2006). Yet the Maryland court agreed that "[e]xcept for reasonable
4  redactions of names and addresses to protect privacy or informer sources, plaintiffs in federal
5  civil rights actions are presumptively entitled to documents on prior complaints and police
6  history." *Id.* In this particular case, the Court concludes that even though the police department
7  determined that prior complaints filed against Dyment did not warrant further department
8  action, those determinations may have been erroneous and may provide relevant information.
9  The evidence contained therein may lead to the discovery of admissible evidence, such as that
10 which shows Dyment's knowledge, intent, or habit. Given the liberal policy in favor of
11 discovery and Defendants' high burden to overcome that policy, the Court concludes that
12 discovery of information from unrelated, unsustained complaints, investigations, and OPA case
13 logs involving Dyment are discoverable. But those documents are similarly subject to a limited
14 protective order to protect the privacy interests of Dyment and others.

15       With respect to complaints against nonparty officers, the Court grants Defendants'
16 motion and precludes discovery. Plaintiff has not responded to Defendants' argument on this
17 particular point, and the Court considers that to be an admission that Defendants' position has
18 merit. Moreover, Plaintiff's request is plainly overbroad and unreasonably burdensome on
19 Defendants. Nor does the Court see how discovery of such evidence is relevant or would lead
20 to the discovery of admissible evidence, particularly when there is no allegation of a municipal
21 policy, custom, or practice that led to Dyment's alleged conduct.

22 III.    CONCLUSION

23       The Court orders disclosure on all of Plaintiff's requests except for those related to
24 complaints filed against nonparty officers. Defendants may redact dates of birth, Social
25 Security numbers, phone numbers, medical history, addresses of individuals, and similar
26 personally identifiable information contained therein. The Court extends the discovery deadline

1   to May 8, 2011. Plaintiff may further depose Dyment in light of the discovery herein ordered.

2   DATED this 23rd day of February 2011.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE